UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WHITING, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-2064 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　　Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the complaint filed September 5, 2014 (ECF No. 1), which was ordered served on six defendants: Lee, Bilgera, Whiting, Johns, Blanco, and Massa. (ECF No. 11.)  Plaintiff alleges that defendants violated his rights under the Eighth Amendment by failing to provide a medically necessary lower bunk, which caused him to fall from a top bunk and sustain injuries.

　　　Before the court is defendant Massa's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against him.[1]  (ECF No. 23.)  Plaintiff has filed an opposition (ECF No. 26), and Massa has filed a reply (ECF No. 26).  Having carefully

---

[1] Defendants Blanco, Bilgera, Johns, and Whiting have answered the complaint (ECF Nos. 16, 22), while defendant Lee has not been located or served (ECF Nos. 13, 14).

considered the record and the applicable law, the undersigned will recommend that Massa's motion be granted.

II. Standards for a Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County

of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing Co., Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (on Rule 12(b)(6) motion, court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.") The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

III.  Allegations

Plaintiff alleges that while he was incarcerated at the Sacramento County Jail in 2014, he had a medical chrono for a lower bunk due to his health issues and recent stroke.  After he was assigned a top bunk, he informed defendant correctional officers Lee, Bilgera, Whiting, Johns, and Blanco about the chrono, but they did nothing.  (ECF No. 1.)

Defendant Massa was a correctional Lieutenant who worked on the third floor of the jail, along with the other defendants.  (ECF No. 1 at 3.)  After showing his lower bunk chrono to the other defendants, plaintiff notified Massa, who "verified the medical order again, then notified the custody staff the very same day."  (ECF No. 1 at 4.)  An attached record shows that Massa, a supervisor, reviewed plaintiff's June 8, 2014 administrative grievance requesting a lower bunk. (Id. at 12.)  Massa noted: "On 6/10/14 confirmed LBTR chrono with medical.  Custody staff notified same date."  (Id.)

"Even after receiving a copy of the medical order and being contacted by a superior officer the custody staff refused to move plaintiff on 6/10/14," plaintiff alleges.  (Id. at 4.)  On June 14, 2014, he fell while trying to climb to the upper bunk and was injured.  (Id.)  "Plaintiff was seen by medical staff for [his] leg injury.  Medical informed the custody staff that Plaintiff needed to be moved.  Plaintiff was not moved."  (Id.)

On June 15, 2014, plaintiff filed another medical grievance.  (Id. at 4-5.)  On June 17, 2014, "Lt. Rider called custody in response to grievance and ordered Deputy Lee to move Plaintiff" to a bottom bunk.  (Id. at 5.)

3

IV. <u>Standard for Deliberate Indifference</u>

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1991) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'[.]  For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id.</u> at 834.  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." <u>Id.</u>  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the officials must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.

"[W]hen a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinate." <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011).  A defendant may be held liable as a supervisor under Section 1983 if there exists "either (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Starr</u>, 652 F.3d at 1207.  A supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates may establish supervisory liability. <u>Starr</u>, 652 F.3d at 1208.

V. <u>Analysis</u>

Here, Massa investigated plaintiff's medical chrono and notified custody staff of its existence.  Yet nothing happened as a result, and the chrono was not honored.  From the complaint, it is not clear whether Massa was aware that his subordinates took no action after they learned of plaintiff's chrono.  In any event, plaintiff points out that "[n]otifying the custody staff

is not the same as ordering that they comply with the medical orders." (ECF No. 26 at 1.) In fact, when another lieutenant ordered plaintiff to be moved to a lower bunk after his fall, custody staff complied.

Still, mere negligence is not actionable under § 1983, and having reviewed the allegations, the undersigned concludes that they are insufficient to causally link Massa to any constitutional violation. Thus the undersigned will recommend that Massa be dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that defendant Massa's motion to dismiss (ECF No. 23) be granted and that Massa be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / walk2064.mtd